UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26 CV 1458 CDP |
| | ) | |
| MCG KNOLLS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This newly removed case is before me for review of subject-matter jurisdiction.

Plaintiff Fannie Mae brought this action in Missouri state court seeking appointment of a receiver under Missouri law to take possession and control of certain of defendant MCG Knolls LLC's property on account of MCG's alleged default of several terms of a Loan Agreement and other Loan Documents held and owned by Fannie Mae. MCG removed the action to this Court on September 11, 2026, invoking diversity jurisdiction under 28 U.S.C. § 1332.

I have reviewed Fannie Mae's state-court petition and MCG's notice of removal and find that neither adequately states the citizenship of the defendant in this case. As MCG is the removing party and bears the burden of establishing federal subject-matter jurisdiction, *Baker v. Martin Marietta Materials, Inc.*, 745

F.3d 919, 923 (8th Cir. 2014), I will order it to file an amended notice of removal to properly allege this Court's subject-matter jurisdiction.

Both the state-court petition and the notice of removal identify MCG as a Missouri limited liability company. For diversity purposes, an LLC's citizenship is the citizenship of all its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). In its notice of removal, MCG identifies its members but asserts only that they are "residents" of their respective States. A statement of an individual's "residence" is insufficient to establish that person's citizenship. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

Because there is no sufficient statement of citizenship with respect to any member of the LLC defendant in this case, I am unable to determine if this Court has subject-matter jurisdiction. Accordingly, I will give MCG seven (7) days to amend its notice of removal to properly allege this Court's subject-matter jurisdiction. Failure to timely comply with this Order may result in this action being remanded to state court for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that **within seven (7) days of the date of this Order**, defendant MCG Knolls LLC shall file an amended notice of removal properly alleging this Court's subject-matter jurisdiction. Failure to timely

comply with this Order may result in this action being remanded to state court for lack of federal subject-matter jurisdiction.

Catherine D Perry

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2026.