UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FANNIE MAE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 1458 CDP |
| | ) | |
| MCG KNOLLS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Defendant MCG Knolls LLC owns an apartment complex in St. Louis County known as the Knolls Townhomes. MCG had financed the property in 2024 through plaintiff Fannie Mae in the amount of $9,314,000. After the property was damaged by a fire in February 2025, MCG failed to notify Fannie Mae of the casualty event, failed to pay over insurance proceeds, failed to provide evidence of repairs, failed to pay additional amounts into the reserve fund for repairs, changed property managers without approval, and allowed a mechanics lien to be placed on the property. All of these actions constituted defaults under the Loan Documents.[1]

[1] Exhibits A-F to the Verified Petition [ECF 3-1, p.1-217] contain the Loan Documents, including the Original Lender Multifamily Note; Multifamily Loan and Security Agreement ; Multifamily Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing; Assignment of Multifamily Security Instrument, Assignment of Leases and Rents, Security Agreement and Fixture Filing; Assignment of Collateral and Other Loan Documents; and UCC-1 Financing Statement.

Under Missouri's Commercial Receivership Act (MCRA), § 515.500, *et seq*. R. S. Mo., Fannie Mae would be entitled to the receivership it seeks in this case. *See Black River Motel, LLC v. Patriots Bank*, 669 S.W.3d 116, 126 (Mo. *en banc* 2023). Defendant MCG argues that because it removed this case to federal court on the basis of diversity jurisdiction, Fannie Mae cannot obtain the relief to which it would be entitled under Missouri law.

Although I agree that under the prevailing law of this Circuit, appointment of a receiver is a procedural matter governed by federal law, I conclude that Fannie Mae has shown that this case meets the "extreme situation" justifying this "extraordinary equitable remedy." *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993).

In *Aviation Supply*, the Eighth Circuit held that "the appointment of a receiver in a diversity case is a procedural matter governed by federal law and federal equitable principles." 999 F.2d at 316. Among the factors a court should consider are: "a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Id*. at 316-317.

The MCRA provides that a court may appoint a receiver where the person

seeking the remedy "has a lien on or interest in property or its revenue-producing potential" and the Court finds either: that appointment is necessary to keep and preserve the property or protect any business interest or that its revenue-producing potential or the appointment of a receiver is provided for by a valid and enforceable contract. § 515.510.1(2)(a) and (b). Here the Loan Documents create the requisite property interest and specifically list receivership as one remedy for a default on the Loan. *See* § 3(e), Fannie Mae Multifamily Security Instrument, Exh. C, ECF 3-1, at p. 183-184. Under Missouri law, while appointment of a receiver is discretionary, where there is a contractual agreement for appointment of a receiver a Court may appoint a receiver "without more." *See Black River,* 669 S.W.3d at 126.

There does not appear to be any Eighth Circuit authority regarding whether a contractual agreement for appointment of a receiver is a sufficient basis, without more, for appointment of a receiver. *See Rochester MSA Building Company v. UMB Bank*, N.A., No. 21-cv-2559(ECT/ECW), 2022 WL 110295 (D. Minn. Jan. 2, 2022); *Cargill v. HF Chlor-Alkali, LLC*, Civil No. 16-2506(DSD/JSM), 2016 WL 4761729 (D. Minn. Sep. 12, 2016). Although some district courts in the Eighth Circuit have concluded that a contractual basis alone is sufficient for appointment of a receiver, *see U.S. Bank, N.A. v. CB Settle Inn Ltd. Partnership*, 827 F.Supp. 2d 993 (S.D. Ia. 2011), others have disagreed, *see Rochester, supra; Cargill, supra*;

*Active Way Int'l Ltd. v. Smith Electric Vehicles Corp.,* No 5:16-06158-MC-RK, 2017 WL 2869951 (W. D. Mo. July 5, 2017). I believe the appropriate approach is to consider it as one factor favoring receivership, although not determinative on its own.

The evidence[2] shows that Fannie Mae provided multiple notices of default in 2025 and in early 2026. It conducted Property Condition Assessments and demanded that specified repairs be made. Defendant does not actually contest the evidence provided by plaintiff but has provided its own evidence to show that it ultimately made certain repairs, that it had reasons for some of its non-compliance with the terms of its Loan Documents, and that it has now listed the property for sale and so believes Fannie Mae has not been injured and does not face any damage to or loss of its investment.

Fannie Mae sent notices (titled "Reservation of Rights Letters") to MCG listing the specific violations of MCG's obligations under the Loan Documents as follows:

- April 15, 2025 notice that MCG had failed to provide timely notice of the fire and had failed to remit any insurance proceeds, Exh. G to Verified Petition, ECF 3-1 at p. 218-220;

---

[2] Fannie Mae filed its Verified Petition and its Emergency Motion for Appointment of Receiver in state court on August 19, 2026. ECF 3. After removing the case to federal court, defendant MCG filed its Response in Opposition and Declaration on October 7, 2026. ECF 17, 18. The facts here are based on the evidence provided in plaintiff's Verified Petition and defendant's Declaration.

- September 17, 2025 notice that MCG had failed to provide evidence of the completion of repairs, Exh. H, ECF 3-1 at p. 221-223;
- March 5, 2026 notice that MCG had failed to maintain the property, failed to complete required repairs, and changed property managers without approval, Exh. I, ECF 3-1 at p. 224-226.
- May 18, 2026, notice that Fannie Mae's Property Condition Assessment in April 2026 identified numerous issues requiring repair; demanded that MCG immediately implement corrective actions; demanded that MCG provide additional funds to the Replacement Reserve Account. Exh. J, ECF 3-1 at p. 227-232.

When MCG failed to respond to these notices, Fannie Mae issued its Notice of Acceleration of Indebtedness and Demand for Payment on July 13, 2026. Exh. K, ECF 3-1 at p. 233-236. On August 13, 2026, Fannie Mae sent a Notice of Additional Event of Default, Existing Acceleration of Indebtedness, and Demand for Payment, noting that several liens had been filed against the property, including a mechanics' lien in the amount of $51,372.26 by Puff's Property Management, Inc d/b/a Asphalt Paving & Concrete, and that a lawsuit had been filed against MCG to enforce that lien. Exh. M, ECF 3-1 at p. 244-247.

On August 19, 2026, Fannie Mae filed this case in state court and filed its Emergency Motion for Appointment of Receiver that same day. On September 11, 2026, defendant MCG removed the case to this Court based on diversity jurisdiction. It did not file a response to Fannie Mae's Emergency Motion for Appointment of Receiver within fourteen days as required by Local Rule 4.01. Instead, on October 8, 2026, the day before the hearing set by this Court on the Emergency Motion for Appointment of Receiver, MCG filed a brief in response

and a declaration, with exhibits, arguing that the Court should not appoint a receiver.

MCG does not dispute the facts set out in any of the notices sent to it by Fannie Mae, nor does it deny receiving the notices. Instead, in the declaration signed by Moshe Mermelstein (one of the guarantors on the Loan Documents), MCG states that the fire took place on February 28, 2025, and that the "casualty-related rehabilitation was completed by July 26, 2026." ECF 18 at ¶7, 12. MCG's declaration provided copies of estimates from its property service company showing that some, but not all, of the repairs noted by Fannie Mae's Property Condition Assessments had been completed; the same company provided a "timeline" showing that work would be completed by December 31, 2026. The declaration stated that it had "resolved" the delinquency relating to the lien. It also stated that it had hired a broker to sell the property, and anticipates a sale to be completed in three to six months. Defendant's Declaration, ECF 18.

The evidence submitted by MCG is notable for what it does not say. It provided no evidence that it responded to any of the notices or that it ever notified Fannie Mae of the fire; it provided no evidence that it gave notice of the insurance proceeds it received; it provided no explanation for why it took a year and a half to repair the two apartments damaged in the fire. The undated estimate it attached to the declaration for the other repairs that Fannie Mae lists as required

only marks some as done and contains a "timeline" showing work that will not be completed until the end of the year. The evidence for the release of the mechanic's lien is an email from an attorney for the lienholder dated Wednesday, October 7, 2026 (two days before the hearing) stating that "upon receipt and clearance" of $12,000, the lien would be released, but there is no evidence that the lien was actually released. MCG signed the broker's listing agreement on September 14, 2026, almost a month after this suit was filed, and the "broker opinion of value analysis" showing the value as between $12,500,000 to $14,000,000 is dated Monday October 5, 2026. MCG's declaration says the broker has "commenced its marketing efforts," but there are no dates listed on the offering circular or other broker documents that defendant provided. MCG provided no evidence for why it failed to notify Fannie Mae of the change in management companies – instead it just states that it took steps to insure that management of the property continued. *See* ECF 18 (Declaration, including Exhibits marked A through I).

Having considered all the relevant factors, I conclude that this is the type of extraordinary circumstance that justifies appointment of a receiver under both the federal standards and under the MCRA. Fannie Mae's evidence shows numerous defaults under the Loan Documents and breaches of contract. MCG presented evidence of things it finally started doing but does not provide any evidence that

would actually dispute the fact of the defaults. MCG agreed in the Loan Documents that the remedy of appointment of a receiver was appropriate in the event of default. MCG's delay in repairing the property while at the same time ignoring multiple warnings of its default show that any other remedies Fannie Mae might have are easily frustrated and the danger of harm to the property is substantial. Fannie Mae has shown than MCG's failure to complete repairs in a timely manner, to provide the notifications required, and to change managers without approval places the health and safety of residents and visitors at risk and poses significant risks that the value of the property will be reduced. MCG waited until Fannie Mae had accelerated the note and demanded payment, and indeed, for most things waited until after this lawsuit was filed, to show its late and only partial attempts to cure the defaults. MCG argues that a receiver will not be knowledgeable about the property and will cause loss of rents, but that is speculation. The receiver will have every incentive to improve the property and keep it in good condition to increase its value.

The bottom line is that MCG's efforts are too little, too late. MCG's counsel argued at the hearing that its conduct was not as bad as that in some other cases, but that is not the standard required by law. Fannie Mae was not required to wait until the value of the apartment complex was reduced beyond repair in order to seek its remedy. MCG violated its contract, ignored repeated warnings,

and only sought to comply with its obligations when Fannie Mae had already taken final steps to assert its rights under the contract.

When considering the many months that MCG ignored warnings and failed to meet its contractual obligations, that MCG only attempted to show half-hearted compliance once it was facing the Court hearing, along with the Missouri statute that clearly provides the right to relief sought by Fannie Mae, this case meets the extreme situation justifying the extraordinary equitable remedy of appointment of a receiver.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Emergency Motion for Appointment of Receiver [4] is GRANTED. A separate Order appointing a receiver is entered this same date.

Catherine D Perry
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2026.